BREAUX, J.
The defendant was charged on the 4th day of February, 1903, by the grand jury of the parish of Calcasieu, with i having murdered Thornton Collins on the 9th day of November, 1902.
He was placed on his trial on the 3d day of March, 1903, was convicted as charged, and condemned to suffer the extreme penalty of the law.
From the sentence he prosecutes this appeal.
A list of petit jurors drawn and summoned for the term of court at which he was tried was served as required. After the ease had been called for trial, and while the trial was being proceeded with, the sheriff, it appears, drew the names of ten jurors from the jury box, and the minutes further show that after three peremptory challenges on the part of the defendant, and after four had been excused for cause, three jurors were accepted.
The minutes at this point set forth that the regular venire had been exhausted, when the presiding judge ordered the deputy sheriff to summon jurors de talibus. In compliance with this order, thirty jurors de tali-bus were summoned and answered to their names, and from that number nine jurors were selected, and, with the three before mentioned, completed the panel of petit jurors by whom the defendant was tried.
On the judge’s order to summon jurors de talibus the defendant complains.on the ground that he objected to the summoning of jurors de talibus until the entire list of the original venire served upon him had been exhausted; that his objection was over *512 ruled; and lie reserved a bill of exceptions, in which counsel for defendant sets forth that he offered to take testimony of the tacts before the clerk upon which he based his bill of exceptions, and to show that a number of jurors of the general venire were in court, and had not been called, and that the record of the court did not disclose the number who had been excused; that the court refused to allow the testimony of the facts to be taken down upon which he based his bill of exceptions.
In another bill of exceptions upon a subject' germane to the foregoing counsel sets forth that after 10 of the original venire of 30 jurors had answered to their names, the judge ordered the summoning of the jurors de talibus.
Defendant’s counsel states as part of the bill of exceptions that he objected to the summoning of any jurors de talibus until the' general venire had been exhausted; that all the names of the 30 jurors had not been called by the sheriff to determine whether or not they were all in court; and that his objection was overruled by the court.
The following is the statement of the court forming part of the two bills of exceptions before referred to:
“Counsel’s offer to take testimony was to. show that a number of jurors of the general venire had not been called, notwithstanding they were then in the courthouse, but he did not offer to take evidence to show that the records of the court did not disclose who had been excused from the venire for legal cause.”
The court remarked that a petit jury was deliberating in another case. The court adds that the trial of the case could not be postponed until the jury had reported; that, if other jurors had been in attendance, the mode of procedure was to call them, and, on their failure to answer^ to apply for an attachment; that the interruption of proceedings to take evidence upon this question would have been a useless consumption of time; that all the jurors excused had been excused for good and sufficient cause.
There is another statement of the court appended to another bill of similar import, in which the court sets out that the sheriff had drawn from the jury box all the remaining jurors not excused or otherwise absent; that by an oversight the names of all jurors excused had not been entered upon the minutes of the court, of which counsel for defendant was apprised; that, after the objection had been made, counsel, with the sheriff, in the presence of the court, went over the entire list, and each juror was accounted for.
The defendant’s contention through counsel, is that the court should have directed the clerk to take down the facts upon which the bill of exceptions had been retained; that the court refused the request; that the court could not thereafter include in the court’s statement such facts as should originally have been taken down by the clerk.
We will consider the different grounds before us on appeal seriatim, instead of stating them all at length and then returning to the first ground stated for decision.
We do not, for an instant, question the right of the trial judge to summon jurors de talibus after the general panel for the term has been exhausted; nor do we question the right of the trial judge to order the trial to be proceeded with, and not to delay the proceedings until jurors deliberating in another case can be had. A contrary rule is not to be for a moment sanctioned. It would prevent the dispatch of business, and cause needless delays. We eliminate these questions entirely from consideration, as we do not consider them at issue here.
The mode of forming the trial jury from the panel is prescribed by statute, and this mode should be followed in every essential particular.
Whenever objection is raised to the mode followed in selecting the jury, the necessity arises of making a minute of the objection and of the facts upon which it is founded.
The statement of the first proposition, without anything advanced in its support, carries with it absolute proof of its being correct. It grows out of the necessity of complying with the forms of law in passing a judgment upon an accused. There should no doubt in any way attach to a conviction whether as relates to the guilt of the accused or to the methods whereby the conclusion of guilt has been reached.
Taking up the second proposition for consideration, brings us to Act No. 113, p. 162, of the General Assembly of 1896, requiring *514 that on the trial of criminal cases, on objection and. bill reserved, the court without delay should order the clerk to write down a statement of the facts to be appended to and made part of the bill of exceptions. This, although specifically requested by the defendant through his counsel, was not done. Instead of ordering the clerk to note the pertinent facts to the bill of exception, he (the judge) at a subsequent time in the course of the trial, embodied his own statement of the facts in bill of exceptions taken as before mentioned.
Our painstaking brother of the district court overlooked the language of the statute, and substituted therefor his own statement, which is doubtless entirely correct, and amply sufficient in all respects, if it were not for the imperative language of the statute.
In order to make this point clear, we quote literally from the statute:
“The court shall at the time and ivithout delay order the clerk to take down the foots upon which the hill has heen retained.” (Italics ours.) Acts 1S96, p. 162, No. 113.
This court is unequivocally ordered to receive the facts from the clerk, not from the judge. Although it is true the judge may add his own statement in the bill of exceptions, yet it remains for the clerk, under the order of the judge in the first place, to note down the facts when objection is urged and the bill is taken.
The intention was, as we gather, to provide an exclusive method of making the record in cases before mentioned. There is nothing here left to the discretion of this court. We desire, none the less, to state at this time, in order to avoid misapprehension, that the statute has not taken out of the court the power of reasonably controlling the clerk as to what shall be taken down; but the facts upon which the action of the court below is based must be set forth in the bill of exceptions distinctly and separately by the clerk.
In that point of view, there is no evidence before us that there was another jury deliberating in another case, that the general panel for the term was exhausted because of that fact and because other members had been excused, or for other good reasons, there were members of the panel not in attendance.
The grounds of excuse are not before us. We are confident that those excused were excused for valid and sufficient reasons. But the fact .that certain jurors were excused is not before us in accordance with the mode laid down to bring up the facts.
The second bill of exception brings up issues very similar to those which have engaged our attention to this point.
Defendant objected and reserved a bill (the second bill of exception) to the calling .of tales jurymen, until the entire list of the original venire served upon him to set during his case is exhausted. The only difference between the bill of exception under review and the one which we have just considered is that in the prior bill of exception it appears that defendant objected to the summoning of any jurors de talibus until the original venire had been exhausted; and the second bill of exception, as we understand, was taken at the time that the jurors de talibus were called up to be sworn.
The court’s ruling was the same in both instances, and the reasons given are in the-main about the same. The court’s ruling was correct, we imagine, in each instance, if the facts upon which it was based were before us in legal form; but they are not.
The court has decided that the defendant in a criminal case has the right to demand that all the jurors summoned upon the original venire, and not then engaged on other jury duty, should be submitted to his acceptance' or rejection before talesmen are resorted tO' for the formation. State v. Atkinson, 29 La. Ann. 543; State v. Ross, 30 La. Ann. 1154.
Or, if engaged on other jury duty, or not obtainable on objection of defendant’s counsel, then the fact should be brought up as before mentioned.
The position of the state in answer to the objection is that the proper mode of procedure was to call the jurors on the general panel, and on their failure to answer an attachment might have issued; that the defendant failed to observe this mode, and did not request the calling of the names of those constituting the panel.
Calling the names of those constituting the panel is not the exclusive mode. The facts which might have been shown in this case would have been sufficient to prove all for *516 ■which the state contends, if they had been reduced to writing in the manner required, and had they been annexed to the bill of exceptions.
The statute in question has the appearance of being mandatory, and that compliance with its requirements is essential to support the regularity and validity of the proceedings.
In answer to the first ground of the motion for a new trial the trial court informs us that the jury was provided with the usual comforts. Two of the members of the jury complained and their testimony was heard by the court. We must say that sitting as jurors in cases at night is never very comfortable at any time. The scant accommodation of a jury room is neéessarily different from the easy chair and lounge of the parlor or sitting room; none the less it devolves upon the local authorities not to add to the -juror’s discomfort by neglecting to provide him with the ■ ordinary chair, and at least a few blankets for the night in case the weather is damp and cool, both before and after the jury has found a verdict. The complaint of jurors as brought up in a bill of exceptions has influenced us to dwell upon the desirableness of looking to the physical well-being of juries called upon to pass upon exceedingly important questions, although this question scarcely presents grounds to reverse the verdict, particularly in view of the fact that the finding was arrived at after the asserted discomfort had been endured.
The other bill of exceptions brings up grounds of complaint against the jury’s verdict because of utterances of two of the members showing, it is charged, a predisposition to convict, and because, in the second place, of intimidation of one of the number.
The questions were excluded, and the judge held that the witness by whom the attempt was made to prove the treatment showing that a juror had been intimidated by a witness was himself a member of the jury.
We pass, without commenting upon, the utterances of two of the jurors, showing by their utterances a disposition to find the accused guilty before all the testimony had been heard, some time before the verdict was found. It affords no ground to attack the proceedings. It was properly excluded by the judge, as falling within the grasp of decisions holding that a juror will not be heard to impeach his verdict.
The next question — that of alleged intimidation — is somewhat allied to the one just decided, but is of some importance, and deserves close and special attention.
There is always an odium about intimidation, if it amounted to anything in any matter of importance; particularly intimidation by overt act. We do not know that there was anything of the sort here.
The question propounded of itself could not, in the nature of things, show the extent of the treatment complained of.
A more specific question, or if the answer that was given had been included in the bill of exception it would have better enabled us to judge of this issue.
On the face of the papers the ruling is correct, provided the trial judge was satisfied that no overt act had been committed as technically understood; that is, an act done in pursuance of a criminal design.
If there was such an overt act, the rule before mentioned could not have any application. We take it that an overt act can be shown by the testimony of a juror in the case, although, it affects the legality of the verdict. Mattox v. United States, 146 U. S. 140, 13 Sup. Ct. 50, 36 L. Ed. 917; Perry v. Bailey, 12 Kan. 539; Woodward v. Leavitt, 107 Mass. 453, 9 Am. Rep. 49; Hawkins v. Printing and Publishing Company, 29 La. Ann. 135.
The precise question raised in the district court on this point, and all the grounds on which the trial court was asked to base its ruling, are not before us. To the extent not covered by the exception before stated, the ruling, in our view, was correct; but, if there was an overt act as technically understood, then it was not correct.
We will repeat here that the rule is not without exception, and, if the facts brought the act within the exception (regarding overt acts), then the testimony should have been heard.
We must remand the case for another trial. The failure to comply with the statute of 1896 compels us to that conclusion. Justice should appear to have acted tardily, rather than to disregard the requirement of 'the law.
When we consider the reason of the stat *518 ute, and that which led to its enactment, we think we should conclude that it was intended to be enforced as written, and not to be supplied by subsequent compliance by statement written by another than the officer designated in the statute.
We know that oversight or mistake will arise in the proceedings of a court of law and facts to vex the most alert judge. We none the less are constrained to remand the case.
The law and the evidence being in favor ■of defendant, the verdict, sentence, and judgment are avoided, annulled, and reversed, and the ease is remanded to the district court to be tried in accordance with the views before expressed.