OVERTON, J.
 

 Defendant was indicted for the murder of Floyd McAlpin. He filed a plea of insanity at the time of the commission of the offense. The lunacy commission, provided by article 268 of the Code of Criminal Procedure, found that he was sane. The plea then came up for trial under chapter 4 of title 20 of the Code of Criminal Procedure (articles 267-278), and resulted in a mistrial, due to the failure of the jury to agree. Thereupon defendant, with the permission of the court, withdrew his plea of insanity, and went to trial upon the plea of not guilty before a different jury. The trial, upon that plea, resulted in a verdict of manslaughter, with a recommendation of the accused to the extreme mercy of the court. The recommendation to mercy, not being binding upon the court, the accused was sentenced, under the verdict, to a period, in the state penitentiary, of not less than thirteen years and four months and not more than twenty years, which was the maximum imprisonment that could be imposed for the crime of manslaughter.
 

 Defendant has filed, in this court, in addition to the bills of exception brought here, an assignment of error, in which he urges that the court was without right to permit him to withdraw his plea of insanity, and hence that the verdict of manslaughter and the sentence imposed thereon should be set aside. The assignment is not well founded. The defendant stood before the court a sane man. If he wished to withdraw the plea, the court had a clear right to permit him to withdraw it. There is no law prohibiting the trial judge from permitting an accused to withdraw a plea of insanity.
 

 The appeal brings up for consideration eighteen bills of exception, only two of which require consideration at our hands. The remainder are devoid of merit under the facts presented. One of these bills was tafeen to the overruling of a motion for a new trial. It appears from it that, while the jury were in the juryroom deliberating as to the proper verdict to render, and apparently before the jurors had reached a verdict, the foreman called to the door of the jury room the deputy sheriff in charge of the jury, and requested him to notify the judge that they desired further instructions. The deputy advised the foreman that the judge was not present, whereupon the foreman requested the deputy, if he could, to give him the information which the jury desired, and said to the deputy that the information desired was whether the jury had the right, whatever their verdict might be, to recommend the accused to the mercy of the court. The deputy replied that he thought the jury had no such
 
 *996
 
 right. At that moment the sheriff approached the door, and the deputy said to the foreman, “Wait a moment, there comes the sheriff, perhaps he can give you more information than I can.” The sheriff, when he reached the door, was advised by the deputy «what information it was that the jury desired, and the sheriff answered in the presence of the foreman that the jury could make a recommendation of mercy, without even intimating, so far as appears, that such' a recommendation would not be binding upon the court. Shortly thereafter the jury were taken to supper, and almost immediately after their return x’endex'ed their verdict of manslaughter", recommending the accused to the extreme mercy of the court. Defendant and his counsel had no knowledge of this occurrence until after-the verdict had been rendered.
 

 Neither a sheriff nor his deputy has a right to advise a jury or its foreman, in response to a query propounded by the latter, what recommendations they may make in their verdict. The exercise of such power belongs to the trial judge alone, and the instructions, when desired, must be given by him in the presence of the accused in open court. In this instance, the unauthorized instructions or-statements made were sufficient to mislead the jury into believing that a recommendation to mercy would be binding -on the court. The promptness with which the jury returned their verdict after the statement was made by the sheriff creates a strong presumption that the jury were influenced by what was said by the sheriff, and lends itself, in view of the fact that when the information- was given the jury apparently had not reached -a verdict, to the support of -the contention that they believed that the recommendátion they desired to make would be binding upon the court, and under this mistaken belief returned their verdict. In these circumstances we think that the verdict and the sentence should be set aside.
 

 The remaining bill that requires consideration at our hands, especially in view of the fact that a new trial is to be granted, is one relating to the charge of the court to the jury that, among the verdicts they might render, was one finding the accused not guilty, by reason of insanity. Article 267 of the Code of Criminal Procedure provides that, whenever insanity is relied upon, it must be set up as a separate and special plea, be tried prior to the plea of not guilty; and that, upon the trial of the latter plea, no evidence of insanity shall be admissible. It therefore follows, as the plea of insanity'must be tried separately from.the plea of not guilty, and as no evidence of insanity is admissible under the latter piea, the jury, impaneled to try the plea of not guilty, cannot return a verdict of not guilty on the ground of insanity. While the court erred in giving the charge, nevertheless we do not feel justified in resting our decree upon the error, for the reason that not only was no such’ verdict returned, but moreover the instruction, we are advised by the trial judge, was given at the special request of defendant’s counsel.
 

 In this connection it also may be said that evidence tending to show insanity as a defense to the crime charged, by whatever name the insanity may be designated, should, upon the trial of the plea of . not. guilty, be excluded. Code Cr. Proc. art. 267.
 

 For the reasons assigned, the verdict and the sentence appealed from are set aside, and this case is remanded to the lower court to be proceeded with according.to law.
 

 O’NIELL, C. J., concurs in the decree.