## Raphael Ruiter, Appellee, v. Conrad Knudson, Appellant.

## Gen. No. 42,294.

Opinion filed March 22, 1943.

HENRY A. BLAIR, of Chicago, for appellant; HENRY A. BLAIR and WARREN E. BLAIR, both of Chicago, of counsel.

EDWARD K. STACKLER, of Chicago, for appellee; LOUIS SWIDLER, of Chicago, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against defendant to recover for damages to his automobile because of the claimed negligence of defendant in driving defendant's automobile as a result of which the two machines collided. The claim was for $200. Defendant filed a counterclaim for damages to defendant's automobile as a result of the collision. There was a jury trial and apparently at the close of the evidence the court sustained plaintiff's motion to dismiss defendant's counterclaim. The jury then returned a verdict finding defendant guilty as charged, assessing plaintiff's damages at $166.45 and judgment was entered on the verdict. (The report of the proceedings on the trial is not in the record.) Four days afterward, Decem-

ber 22, 1941, defendant moved for judgment *n. o. v.* and for a new trial. January 28, following, the court overruled defendant's motion for judgment *n. o. v.*, granted defendant's motion for a new trial and reset the cause for hearing. February 6, plaintiff moved the court to vacate the order of January 28, allowing a new trial, the motion was sustained and it seemed to be assumed that the court at that time reinstated the judgment and defendant appeals.

The record discloses that when defendant's motion for a new trial came on for hearing, counsel for defendant said that he had the statement of one of the jurors that while the jury was considering the case one of the jurors knocked on the door and informed the bailiff that they could not agree; that the bailiff then told them that the jury could not be discharged until they agreed upon a verdict. Thereupon the bailiff was called and testified that after the jury had been considering the case for about three hours, one of the jurors rapped on the door, the bailiff thereupon opened the door and the juror informed him they could not agree. The bailiff said his instructions from the judge were to keep the jury out until 5 o'clock (it was then 3 o'clock) whereupon the door of the jury room was closed and shortly thereafter a verdict was returned in favor of plaintiff. Afterward two of the jurors were brought into court and testified that the verdict was their true verdict and that there was no duress or coercion. Thereupon counsel for defendant put in two affidavits made by these two jurors some days before in which it was stated that the bailiff refused to discharge them and told them they would have to reach a verdict before this could be done. The court thereupon awarded a new trial.

Some time afterward, counsel for plaintiff filed a verified petition and moved the court to set aside the order granting a new trial and in support of his petition submitted a letter which he had written each of

the jurors and replies from three of them in which they said, in effect, that there was no coercion or duress. The court thereupon set aside the order granting a new trial.

Counsel for defendant say that the record discloses that the verdict was returned under coercion while the opposite view is taken by counsel for plaintiff. Cases are cited and discussed but we think there is no necessity for answering these contentions because the procedure was wholly unwarranted.

Affidavits of jurors, and obviously letters from them, cannot be received for the purpose of setting aside their verdict. *Sanitary Dist. v. Cullerton,* 147 Ill. 385. In that case the court said: "On the motion for a new trial, appellant offered the affidavits of three of the jurors, touching the conduct of others of the jurors and of the bailiff in charge, tending to impeach the verdict. This court, in an unbroken line of decisions from the case of *Forrester v. Guard,* Breese, (1 Ill.) 74, is committed to the doctrine that the affidavits of jurors can not be received for the purpose of showing cause for setting aside the verdict. There may be *dicta* in some of the cases intimating a contrary rule, but in every case where the question has been before the court, and determined, the principle has been adhered to. *Smith v. Eames,* 3 Scam. 76; *Martin v. Ehrenfels,* 24 Ill. 189; *Rearden v. Smith,* 36 id. 206; *Reins v. People,* 30 id, 274; *Allison v. The People,* 45 id. 39; *Peck v. Brewer,* 48 id. 63; *Baldwin v. Smith,* 82 id. 162; *Reed v. Thompson,* 88 id. 247; *Niccolls v. Foster,* 89 id. 386." To the same effect is Vol. 2 Thompson on Trials, § 2618.

The judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.