371 So.2d 1151 (1979)
STATE of Louisiana
v.
Sherman WISHAM.
No. 63640.
Supreme Court of Louisiana.
May 21, 1979.
*1152 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Warren Hebert, Mary V. Gilliland, Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-appellee.
Joseph B. Olinde, Jr., Baton Rouge, for defendant-appellant.
DENNIS, Justice.
The defendant, Sherman Wisham, was convicted by a jury of attempted armed robbery, La.R.S. 14:27, 64, and sentenced to fifteen years imprisonment at hard labor.
By assignments of error numbers 2 and 5, the defendant asserts that the trial court erred in denying him a new trial and by excluding evidence proffered in support of his motion for a new trial. The ground asserted for the motion is that prejudicial conduct occurred in the presence of jurors outside the courtroom which made it impossible for the defendant to obtain a fair trial.
During the trial defendant's brother-in-law, Ray Banks, testified that the defendant was residing and working with him in Houston, Texas at the time the crime was committed in East Baton Rouge Parish. In cross-examining Banks about his testimony, the State questioned closely his understanding of the crime of perjury. After some off the record discussion, the trial court ordered Banks not to leave the courtroom until discharged. Shortly after testifying, Banks was arrested for perjury by law enforcement officers in the hallway of *1153 the courthouse just outside of the courtroom where defendant's trial was in progress.
During the hearing on the motion for a new trial defense counsel called two jurors who had participated in the defendant's trial. Defense counsel alleges in his motion that these jurors would have testified that while they were in the hallway during a recess Banks was arrested, and that after they told the other jurors about the incident, the arrest was discussed at length during the jury's deliberations. Defense counsel did not discover these facts until some time after the verdict had been rendered, when one of the jurors informed him. The trial judge, however, sustained an objection by the State, refused to permit any of the jurors called by the defendant to testify, and denied defendant's motion for a new trial.
In a criminal case, any private communication, contact, or tampering directly or indirectly, with a juror during a trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudicial, if not made in pursuance of known rules of the court and the instructions and directions of the court made during the trial, with full knowledge of the parties. The defendant's constitutional due process right to fair trial by jury is violated if the trial jurors are subjected to influences through the attending bailiffs of the state which may cause their verdict to be influenced by circumstances other than the evidence developed at the trial. State v. Marchand, 362 So.2d 1090 (La. 1978). See, Turner v. Louisiana, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1964); Remmer v. United States, 347 U.S. 227, 229, 74 S.Ct. 450, 451, 98 L.Ed. 654 (1954).
We think it clear that reversible error occurred if the jurors were exposed to the spectacle of the arrest of Banks, defendant's alibi witness, which closely followed the prosecutor's in-court interrogation of Banks, strongly implying an accusation of perjury, and the judge's instruction that Banks should not leave the court until discharged. Accordingly, evidence of the alleged prejudicial conduct was relevant and material to defendant's motion and its exclusion by the trial court was clearly erroneous unless there was good cause to prevent the jurors from testifying about the incident.
The State, however, contends that the trial judge's ruling was a correct application of La.R.S. 15:470, which provides that a juror is incompetent to testify as to his own misconduct or his fellows' misconduct, or to give evidence to explain, qualify or impeach any indictment or any verdict found by the body of which he is or was a member.[1]
The answer to the State's contention was given in State v. Marchand, 362 So.2d 1090 (La.1978) where this Court, when presented with an analogous question, stated:
"However, despite the state's contrary contention that La.R.S. 15:470 bars it, we find to be admissible the testimony of the jurors in proving the unauthorized and prejudicial communication made to the jury by their bailiff, i.e., the testimony by the jurors as to their conversation with the deputy in the hall, as well as their testimony that they related this information to the other jurors.
"The testimony admitted did not relate to alleged juror misconduct, as to which their testimony is incompetent, see State v. Durr, 343 So.2d 1004 (La.1977). Instead, it dealt with the overt act of a third person which caused extraneous prejudicial information to be considered by the jury in reaching its verdict." 362 So.2d at 1093.
"Louisiana decisions have held that jurors are competent to establish an overt act independent of the jury deliberations, if this overt act is in violation of law or of *1154 the statutory formalities designed to assure the impartiality of the jury finding and the jury's freedom from influences extraneous of the evidence presented to it for its consideration. State v. Kifer, 186 La. 674, 173 So. 169 (1937) (prohibited-presence of prosecutor with grand jury during its deliberations and voting); State v. Riggs, 110 La. 509, 34 So. 655 (1903) (illegal intimidation of a juror within the juryroom); Hawkins v. New Orleans Printing & Publishing Co., 29 La. Ann. 134 (1877) (misconduct of the officer in charge of the jury, who bribed a juror).
"In Kifer, where juror evidence was held admissible to prove an overt act (the presence of the prosecutor) exerting extraneous influence upon the jury deliberations in contravention of statute, this court held that the public policy of the statute prohibiting improper influence upon jury deliberations outweighed the policy of the prohibition by the statute (now La.R.S. 15:470) designed to prohibit jurors from impeaching the finding of their jury." 362 So.2d at 1094.
As in Marchand and the cases discussed therein, we conclude that the statutory prohibition against jurors impeaching their verdict was not legislatively intended to defeat the equally valid statutory prohibition against unauthorized communications or prejudicial conduct tantamount to unauthorized communications to the jury which might influence their verdict, i.e., by preventing proof of it through the only means possible, the testimony of the jurors who witnessed the prejudicial conduct and reported it to the other jurors.[2]
Accordingly, the assignment of error has merit. For the reasons assigned, if the defendant should prove that the alleged conduct occurred in the jurors' presence and that they related the event to the other jurors, the conduct will be deemed presumptively prejudicial. Remmer v. United States, supra; State v. Marchand, supra. However, since the defendant may be unable to prove the facts alleged or the State may have evidence which would overcome the presumption, the conviction and sentence will not be set aside at this time. Instead, the case will be remanded for a further hearing on defendant's motion for a new trial in accordance with the views expressed in this opinion.
REMANDED FOR FURTHER PROCEEDINGS.
SUMMERS, C. J., and BLANCHE, J., dissent.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
La.R.S. 15:470 provides that: "No juror . . . is competent . . . to give evidence to explain, qualify or impeach . . . any verdict . . . ." I consider that the testimony by the jurors as to their presence in the hallway during the witness' arrest as well as their testimony that they related this information to the other jurors and that the arrest was discussed during their deliberations, is clearly prohibited by this statutory provision. Rule 606 of the Federal Rules of Evidence sets forth a similar prohibition but provides "except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the juror's attention or whether any outside influence was improperly brought to bear upon any juror." In my view, any change in the rule in Louisiana addresses itself to the legislature. See also my dissent in State v. Marchand, 362 So.2d 1090 (La.1978). Accordingly, I respectfully dissent.
NOTES
[1] La.R.S. 15:470 provides:

"No juror, grand or petit, is competent to testify to his own or his fellows' misconduct, or to give evidence to explain, qualify or impeach any indictment or any verdict found by the body of which he is or was a member; but every juror, grand or petit, is a competent witness to rebut any attack upon the regularity of the conduct or of the findings of the body of which he is or was a member."
[2] The trial court was correct, however, in disallowing testimony by the jurors as to the effect of the prejudicial conduct upon the jury deliberations and the votes of individual jurors. State v. Marchand, 362 So.2d 1090, 1093 (La. 1978); State v. Abney, 347 So.2d 498 (La. 1977); State v. Durr, 343 So.2d 1004 (La. 1977).