377 So.2d 344 (1979)
STATE of Louisiana
v.
Nelson Ray CHARLES.
No. 64507.
Supreme Court of Louisiana.
November 21, 1979.
*345 Vernon Joseph Jeansonne, Lake Arthur, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Patrick G. Quinlan, Asst. Attys. Gen., for plaintiff-appellee.
BLANCHE, Justice.[*]
Defendant, Nelson Ray Charles, was convicted of armed robbery in violation of La. R.S. 14:64. He was subsequently sentenced to forty years at hard labor.
Before this Court, defendant specified sixteen assignments of error, all of which have been argued in counsel's brief. We address in this opinion only assignments of error ten through sixteen, dealing with threats to the jury, as meriting discussion. For the benefit of the parties, we attach hereto an appendix containing a discussion of the remaining assignments which we designate as "Not for Publication".
After completion of trial, defendant moved for a new trial on the basis that threats to certain members of the jury during the course of the trial had made it impossible for him to receive a fair trial. Defendant also requested the court to hold an evidentiary hearing concerning the threats. The trial court denied both motions. We conclude the trial court erred when it refused to hold an evidentiary hearing to determine the facts surrounding the threats.
On the last day of the trial, the court notified the state and defense counsel that certain members of the jury had been threatened and that because of the threats, the jury would be polled secretly by written ballot. (Tr. pp. 106-7). The judge provided no other information about the threats. Defense counsel claims that after completion of the trial, he talked to one of the jurors and learned more about the nature of the threats. At that time, he decided to move for a mistrial.
In a criminal case, any private communication, contact or tampering directly or indirectly with a juror during a trial about the matter pending before the jury is deemed presumptively prejudicial. State v. Wisham, 371 So.2d 1151, 1153 (La.1979); State v. Marchand, 362 So.2d 1090, 1092 (La.1978); Remmer v. U. S., 347 U.S. 227, 229, 74 S.Ct. 450, 451, 98 L.Ed. 654 (1954). We are unable to determine if the threats in this case were prejudicial because the record fails to provide any information about the circumstances surrounding the threats. All it establishes is that some type of threat was made to at least one juror. (Tr. pp. 106-7). We do not even know if the threats dealt with the case pending before the jury. The state's and defense counsel's conflicting statements of the facts in their briefs illustrate the necessity of conducting an evidentiary hearing. The state contends the threats pertained to one of the jurors' participation in another case that was decided the day before. The defense contends the threats pertained to the instant case and were directed to more than one juror. The defense also contends the entire jury knew about the threats.
The state argues that an evidentiary hearing, in which the jurors would testify concerning communication of threats to them, violates La.R.S. 15:470. That provision states that a juror is incompetent to testify to his own or his fellows' misconduct or to give evidence to explain, qualify or impeach any indictment or any verdict found by the body of which he is or was a member. The policy behind the statute is to preserve the finality of jury verdicts and the confidentiality of discussion among jurors. State v. Abney, 347 So.2d 498 (La.1977); State v. Durr, 343 So.2d 1004 (La.1977). As a consequence, the statute forbids admitting evidence as to the mental processes and reasons of the jury in reaching *346 a decision. See e. g. State v. Abney, supra. However, in interpreting R.S. 15:470, we have distinguished between testimony concerning juror misconduct in their deliberations, as to which their testimony is incompetent, see State v. Durr, supra, and testimony concerning misconduct by a third party independent of jury deliberations. State v. Marchand, 362 So.2d 1090 (La. 1978). The Marchand case held that the statutory prohibition against jurors impeaching their verdict did not extend to testimony establishing unauthorized communications to the jury which might influence their verdict. The jurors that convicted the defendant, Nelson Ray Charles, can testify concerning the nature of the threats they received, but cannot give evidence concerning the effect of the threats upon their deliberation.
The case is remanded to the trial court for an evidentiary hearing to determine the nature of the threats to the jury, which jurors were threatened, and whether the entire jury knew of the threats.
SUMMERS, C. J., and MARCUS, J., dissent.
NOTES
[*] Judge Paul B. Landry, Jr., Retired, is sitting by assignment as Associate Justice Ad Hoc in place of Tate, J. upon this case.