LEDWARD A. DUFRESNE, JR., Chief Judge.
By this appeal, defendant, Ty Collins, challenges the trial court’s denial of his motion for mistrial. For the reasons which follow, we find no error in the ruling of the trial judge.
This ease arises out of an armed robbery which occurred in the early morning hours of June 11, 1999. On that date, defendant, along with Christopher Sanborn, robbed a Burger King restaurant located on Airline Highway in Destrehan. As the restaurant’s porter, Mattie Holmes, took the trash outside, she was approached by the two perpetrators, both armed with guns. Ms. Holmes was told that this was a “stick up,” and she was then forced inside and placed in a walk-in cooler. The two armed men proceeded to the manager’s office where they found John Carroll, the assistant manager, doing some paperwork. They ordered Mr. Carroll to open the safe, and after a few unsuccessful attempts, he was able to unlock it. During the course of the robbery, the men struck Mr. Carroll in the head with a gun, broke his ankle, and shot him twice. The two perpetrators fled the scene with the money from the safe.
Defendant was thereafter apprehended and charged by bill of indictment with attempted second degree murder of John Carroll, LSA-R.S. 14:27 and 14:30.1, and conspiracy to commit second degree of Mattie Holmes, LSA-R.S. |314:26 and 14:3o.!.[1] However, the state subsequently amended the indictment to charge defendant with two counts of armed robbery, in violation of LSA-R.S. 14:64. The case proceeded to trial before a twelve person jury which found defendant guilty as charged on both counts. The trial court sentenced defendant, on each count, to ninety-nine years at hard labor without benefit of parole, probation, or suspension, to run concurrently. Defendant now appeals.
On appeal, defendant asserts that the trial judge erred in denying his motion for mistrial when members of the jury testified that they felt threatened and intimidated by the actions of defendant’s brother. After the state and defense rested, but prior to closing arguments, one of the jurors voiced concerns to the bailiff about menacing gestures made by defendant’s brother in the courtroom. On that basis, the court convened a closed hearing which is recorded in a sealed transcript. In that hearing, the court interviewed the jurors individually to determine whether they felt intimidated and also whether they could give defendant a fair trial. After considering the testimony of the jurors, *478 the trial judge denied defendant’s motion for mistrial stating as follows:
All right. I’m going to make the following findings based on what I’ve heard from the testimony of the individual jurors. Each of them said they can remain fair and impartial. They also indicated that they would not transfer any of this feeling that they received from the brother to the defendant. As a matter of fact, the jurors answered that they did not receive these types of intimidating stares from the defendant himself. So I do not believe that this will have a prejudicial impact on the defendant and we’ll proceed. The motion for mistrial is denied.
In State v. Bibb, 626 So.2d 913, 922 (La.App. 5 Cir.1993), writ denied, 93-3127 (La.9/16/94), 642 So.2d 188, this court discussed a defendant’s right to a fair trial by an impartial jury:
A defendant’s constitutional due process right of fair trial by an impartial jury may be violated if the trial jurors are subjected to influences which cause them verdict to be influenced by circumstances other than the evidence developed at trial. Turner v. Louisiana, 379 U.S. 466, 472, 85 S.Ct. 546, 549, 13 L.Ed.2d 424 (1965); State v. Marchand, 362 So.2d 1090, 1092-1093 (La.1978). In the constitutional sense, trial by jury in a criminal case necessarily implies at the very least that the “evidence developed” against a defendant shall come from the witness stand in a public courtroom where there is full judicial protection of the defendant’s right of confrontation, of cross-examination, and of counsel. Turner v. Louisiana, 379 U.S. at 473, 85 S.Ct. at 550.
Initially in any trial, there is a presumption of jury impartiality. United States v. Winkle, 587 F.2d 705, 714 (5th Cir.), cert denied, 444 U.S. 827, 100 S.Ct. 51, 62 L.Ed.2d 34 (1979). However, any unauthorized communication, contact, or tampering directly or indirectly, made by a non-juror with a juror during a trial about the matter pending before the jury is deemed presumptively prejudicial, if not made in accordance with rules of court and the instructions and directions of the court made during the trial, with full knowledge of all the parties. The presumption is not conclusive, but the burden rests heavily upon the state to establish, after notice to and hearing of the defendant, that such contact with the juror was harmless to defendant. Remmer v. United States, 347 U.S. 227, 229, 74 S.Ct. 450, 451, 98 L.Ed. 654 (1954); State v. Marchand, 362 So.2d at 1092. Prejudice may be shown by evidence that an extrinsic factual matter tainted the jury’s deliberations. Thus, an adequate demonstration of extrinsic influence upon the jury overcomes the presumption of jury impartiality and shifts the burden to the state to show that the influence demonstrated was not prejudicial. United States v. O’Keefe, 722 F.2d 1175, 1179 (5th Cir.1983); United States v. Howard, 506 F.2d 865, 869 (5th Cir.1975); State v. Sinegal, 393 So.2d 684, 687 (La.1981).
LSA-C.Cr.P. art. 775 states in part that a defendant’s motion for mistrial shall be ordered “when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial.” However, mistrial is a drastic remedy that is warranted only when the defendant has suffered substantial prejudice such that he cannot receive a fair trial. State v. Bates, 495 So.2d 1262 (La.1986); State v. Wingo, 457 So.2d 1159 (La.1984). The determination of whether actual prejudice has occurred lies within the sound discretion of the trial judge, and this decision will not be overturned on appeal absent an abuse of that discretion. State v. Sanders, 93-0001 (La.11/30/94), 648 So.2d 1272.
*479 Applying this law to the instant case, we find that the state sufficiently established at the closed hearing that the contact with the jurors was harmless to |sdefendant and did not prejudice his right to a fair trial by an impartial jury. We have reviewed the sealed transcript and acknowledge that a few of the jurors genuinely felt intimidated by the stares of defendant’s brother. However, most of the jurors said they saw the look defendant’s brother gave them, but they were not intimidated or concerned about it. Moreover, each juror, when individually questioned by the trial judge, indicated that he or she could remain a fair and impartial juror. We further note that the trial judge assured the jurors that he was going to take steps to ensure their safety. He stated he was going to bar defendant’s brother from entering the courtroom, issue a restraining order preventing defendant’s brother from entering St. Charles Parish for the next five years, and seal all the names and addresses of the jurors. The trial judge also added that there were policemen present in the courtroom at all times.
Given these circumstances, we find that defendant was not prejudiced by the actions of his brother. Therefore, the trial court did not abuse its discretion by denying defendant’s motion for mistrial. This assigned error is without merit.
We have also reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals no errors patent in this case.
For the reasons set forth herein, we affirm defendant’s conviction and sentence.

AFFIRMED

. Christopher Sanborn, along with two other accomplices who waited outside during the robbery, were also charged in the bill of indictment. However, this appeal relates solely to Ty Collins.