PER CURIAM: h Denied. Relator fails to show he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As to the remaining claims, relator fails to satisfy his post-conviction burden of proof. La.C.Cr.P. art. 930.2. We attach hereto and make a part hereof the district court’s written reasons denying relief. Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La. C.Cr.P. art. 930.4 and. within the limitations period as set out in La. C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La. C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow'exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam. I ¡A-ttachment [[Image here]] REASONS FOR JUDGMENT ON POST-OOWICTION RELIEF Petitioner, Douglas Craddock, hiedan Application lor Post-Conviction Relief on July 9,2013, He was convicted of Armed Robbery on October22, zoos and was sentenced to 25 years at hard labor, Hfe February 13,2010 Judgment of conviction and sentence were affirmed on March 2B, 2011 and became finaJ on April 25,2011. In his Application for Poat-Ccnvlolfon Relief he rafees three claims: 1.He was denied due process under the Fifth, Sixth, and Fourteenth Amendments to the U,S, ConslKutlon try the denial of hfe right to counsel of choice. 2. He was denied effective assistance of counsel to violation of the Fifth, Sixth, and Fourteenth Amendments to the U.S- Constitution, 3. He was- denied due process of law under the Sixth and Fourteenth Amendments to lire U,S. Constitution by errors of the fete! court. The. State filed an Answer on January 12,2D15. The trial Judge was Judge Alvin Turner, Jr.) however, one of the claims petitioner makes Is premised upon Judge Turner entering tha jury room. Petitioner moved to recuse Judge Turner from hearing this Application for Post-Conviction Relief. Following a hearing, Judge Turner was recused and the matter was re-allotted to tote division on October29,2014. With regard to petitioner's first claim that he was denied due proce as by the denial oí counsel of his choice, toe petitioner submits the following. Mr. Craddock had a public defender from May t. 200S through toe trial. He now complains that toe counsel he had for sixteen months, Mr, &J. Francis, did not follow through vriih a prelirninaiy examination and other motions, Then, 30 days prior to trial, Mr. Keith Crawford replaced Js. Mr, Francis as his public defender. Hé expressed cornearas that this was somehow a conflict because Mr. Crawford had previously worked for the District Attorney’s office. However, nothing in the record indicates any conflict because of Mr. Crawford’s prior employment He goes on to submit tbtó Pegram Mira, Jr, was going to represent him and that he informed Mr, Crawford of this at the trial date. The trial court refused to grant a continuance, in his traverse to the State's Answer, ho contends there was no evidence that he needed court appointed counsel and that his family could afford, counsel. if the defendant couid afford counsel, he certainly did not assert that from May 1, 2008 until the trial in October 2009. To do so at trial and not complain that he was denied due process until now is without merit. Defendant had ample opportunity to hire counsel, or at a minimum, make the Court aware of his desire to do so before commencement of trial, if his complaint is that he simpiy did not want Mr. Crawford representing him, he does not have a right to counsel of hfc choice when ha has court appointed counsel. U.S. v. Gonzales-Lopez. 548 U.S. 140,129 S. Ct, 2657, 165 L. Ed. 2d 409 (20QS). Thus, petitioner's first claim te dismissed. In his second claim, he contends he did not have effective assistance,of counsel in the following respects; 1. Counsel was ineffective when tfisy failed to conduct a preifminaiy examination after the petitioner requested one, 2. Counsel was ineffective when ha failed to exercise a peremptory strike on-juror Curtis Mira. 3. Counsel was ineffective when ho failed to exercise a peremptory strike on juror Justine James. ■A. Counsel was tnelfeoüve when he failed to exercise a peremptory strike on juror Richard LsBianc, 5. Counsel was ineffective whan ha failed to object to the Court subjecting the jury to a nearly elghtaen hour day. J± The landmark case for addressing claims of ineffective assistance of counsel is Strickland y. Washington. 486 U.S. 668,104 S. a. 2052,80 L. Ed. Sd 874 (1984). The Court held that the benchmark forjudglngany claim of ineffectiveness of counsel must be whether counsel’s conduct eq undermined the proper functioning of the adversarial process lhatihe trial cannot be reliad on having produced a just result. A convicted defendant’s claim that counsel’s assistance was so defective as to require reversal of a conviction has two components. First, the defendant must show that counsels performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the ’'counsel' guaranteed the defendant by the Sixth Amendment Second, the defendant must show mat the deficient performance prejudiced thu defense. This requires showing that counsel's errors were so serious as to deprive the defendant bf a fair trial with a reliable result. lithe proper standard for attorney performance (s that ot reasonably effective assistance, Tréonoli v. United States. 725 F. Sd 140 (2d Cir. 1083). the Sixth Amendment refers to 'counsel", it does hot specify the requirements for counsel to be effective, Strickland, it “relies instead on the legal profession's maintenance of standards sufficient to justify the taw’s presumption thai counsel wl|| fulfill fee rote in the adversary process that the ■ Amendment envisions." Mtehal v, Louisiana. 350 U.S. 91 76 S. Ct. 158,1DQ L Ed. 83 (19S5). Anytime a claim of ineffectiveness is presented, the performance inquiry must be whether counsePs assistance was reasonable considering ell the circumstances. Strickland. Judicial scrutiny of counsePs performance muisf.be highly deferential. There Is a strong presumption that counsel’s conduct falls within file wide range of reasonable professional assistance; thai is, the defendant mtist overcome the presumption that, underthe circumstances, the challenged action might ¡be considered sound trial strategy. Michel. Turning to the second prong of Strickland, an error fry counsel, sven if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding If the error had no effect ort the judgment United States v. Morrison. 449. U.S. 361,101 S. Ct. 665,66 L Ed. 2d 664 (1981); Strickland. The defendant musí shew particular errors ot counsel had an actual adverse effect on the defense. It is not enough _k to show that the errors had some conceivable effect on the outcome of the proceeding. .StricMsmt As Mr. Craddock stated, a Motion for Preliminary Exam was requested, as were Motions for Discovery, Bin of Particulars, and to Produce Documents. They were all set, for {rearing several times, but not ruled Upon, Measuring this against the tro prong test of Strickland, aven if defensa counsel acted fn an unreasonable manner, Mr. Craddock falls to show an actual adverse effect on the defense. The evidence presented in the oese tnoludecfthe apprehension of petitioner In the vehicle described by eyewitnesses. He was in possession of the gxin used In the robbery, es well as the medication and cash that was taken fn fee robbery, Furthermore, his statements Implicated himself in fea robbeiy, and ha was identified by eyewitnesses. Thus, ha has failed to demonstrate that hte attorney’s failure to conduct a preliminary examination would have changed the outcome of the tria!. His attorney was also afforded benefit of opon, file discovery, thus failure to'hear the Motion for Bill of Particulars was not prejudicial to Mr. Craddock. With regard to his claims that his ettomay was ineffedivo because he failed to exercise peremptory challenges on three Jurors; namely, Curtis Mire, Justine 'James, end Richard LeBlanc, this goes to the trial sfrategy.of defense counsel. Teaape v. Scotf. 60 F, 3d 1167 (5m Cir. 1995). Although all three jurors made statements in voir dire that taken In Isolation may seam biased, ail three testified that they could follow the law, keep an open mind, and be unbiased. A® such, Mr, Craddock fells to meet the Strickland test on these issues as well. Finally, Mr. Craddock submits that hfe counsel was inefectiva (or failing to object to the Court keeping the jury for eighteen hours. The minutes do not reflect the exact start time whan lha jury was called; however, it would have been no eariler than 9:00 a.m. The minutes rafted feat a verdict was reached at 1:22 a,m. That would have been approximately sixteen hours. Nonetheless, whether it was sixteen or eighteen hoars, there fe no indication feat the jury was strained or wanted to go home. Additionally, fee minutes refect numerous breaks taken. Thus, this claim Is also without merit. -k This Court must consider the totality of the evidence before the jury. As stated in Strickland. the question Is whether there is a reasonable probability that absent the errors, th* fact Under would have had a reasonable doubt respecting guilt. Considering the totality of the evidence presented, petitioner has fallad la prove that his counsel mads errors such that an adverse effect was had upon the defence. Claim two of hie application Is dismissed. In hte final claim, petitioner claims he was dented due process by errors of the Court, He discusses Bib claims raised In claims one and two. This Court will not address those claims again herein. Contentions that failure to record certain proceedings Is reversible error should have been raised on appeal. A* such, this contention is without merit pursuant*? La. Code of Criminal Procedure Article 030.4. Likewise, bis claim of reversible error by the Court In reading the sentence for armed robbery also should have been raised on appeal and fs dismissed. Finally, Mr. Craddock contends mat It was error for the trial judge to enter the Jury room during deliberations, The minutes reflect that the jury recessed for deliberations at 12:12 a.nj. The minutes further stale, 'Jury sent note to Judge which read as follows-‘Package, gun, part-deff (sic) of Ia rob. Judge sent the evidence (package, gun, and :' part of gun) to Jury room. Court entered jury room to get clarification on note", Louisiana Code of Crimina} Procedure Article 791 provides in partlrtstttjaart that a jury is sequestered by being kept together in the charge of an officer of the court so as to be secluded from outside communication. An unauthorized communication to the jury by a court official requires reversal of the verdict If Ihe communication Is prejudicial to the accused. State v. Matchand. 362 So. 2d 1090 (La. 1976). Additionally, the rule of sequestration does not prohibit communication between the Judge and jury when such communication Is within the bounds of trial related necessity. State v. Copeland. 419 So. 2d 899 (La. 19B2). Here, the minutes reflect that the Judge entered the jury room ⅝ gat clarification on note," Over an hour passed before the verdict was reached. There ⅛ no evidence that this communication was prejudicial to the defense. Additionally, In State v,. Allen. 662 So, 2d 713 (La, 1996), the Supreme Court held that communications between the Judge and jury concerning the jury’s confusion over possible verdicts was _Ll within tho bounds of trial related necessity. As such, aU Issues raised in claim three are also without merit and dismissed. SIGNED AND ORDERED at NapoteonvBle, Louisiana, thta^L^l day of Jurse, 2015. [[Image here]] PLEASE NOTIFY! Mr. Alan Robert, Counsel for Douglas Craddock Ms. JonI Buquoi, ADA