384 So.2d 385 (1980)
STATE of Louisiana
v.
Sherman WISHAM.
No. 66159.
Supreme Court of Louisiana.
May 19, 1980.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Ralph Tyson, Kay Kirkpatrick, Asst. Dist. Atty., for plaintiff-appellee.
M. Michele Fournet, App. Counsel, Asst. Public Defender, Alton T. Moran, Director, Joseph B. Olinde, Jr., Trial Atty., Baton Rouge, for defendant-appellant.
GAUTHIER, Justice Ad Hoc.
The defendant, Sherman Wisham, was convicted by a jury of attempted armed robbery La.R.S. 14:27, 64. He was sentenced to fifteen years imprisonment at hard labor. The defendant appealed his case, and on September 4, 1979, this court remanded the case for a further hearing on the defendant's motion for new trial. State v. Wisham, 371 So.2d 1151 (La.1979), hereinafter referred to as Wisham I.
*386 After a hearing in the trial court, the motion for new trial was again denied and the defense now appeals on the basis of two assignments of error. The defendant contends that the trial court erred in allowing inadmissible testimony regarding the subjective reactions of jurors to the arrest of a defense witness for perjury and in the denial of defendant's motion for a new trial by relying on the said inadmissible testimony. La.R.S. 15:470.
As related in Wisham I, during the trial defendant's brother-in-law, Ray Banks, testified that the defendant was residing and working with him in Houston, Texas at the time the crime was committed in East Baton Rouge Parish. In cross-examining Banks about his testimony, the State questioned closely his understanding of the crime of perjury. After some off the record discussion, the trial court ordered Banks not to leave the courtroom until discharged. Shortly after testifying, Banks was arrested for perjury by law enforcement officers in the hallway of the courthouse just outside of the courtroom where defendant's trial was in progress.
After the jury rendered a verdict of guilty, one of the jurors related to defense counsel that prior to the jury deliberation, two jurors had witnessed the arrest of defendant's alibi witness in the hall and the incident had been discussed in the jury room. On the basis of these allegations defendant moved for a Motion for a New Trial pursuant to Code of Criminal Procedure Articles 851 and 854. The state objected to the Motion on the basis of La.R.S. 15:470 which reads:
"No juror, grand or petit, is competent to testify to his own or his fellow's misconduct, or to give evidence to explain, qualify or impeach any indictment or any verdict found by the body of which he is or was a member; but every juror, grand or petit is a competent witness to rebut any attack upon the regularity of the conduct or of the findings of the body of which he is or was a member."
The trial judge determined that any testimony by the jurors as to what occurred in the hall of the court would be in violation of La.R.S. 15:470 and denied the Motion for a New Trial at the first hearing.
We went on to hold in Wisham I that the trial judge's application of R.S. 15:470 was too restrictive and that jurors may testify concerning the overt act of a third person that might improperly enter into their deliberations:
"As in Marchand and the cases discussed therein, we conclude that the statutory prohibition against jurors impeaching their verdict was not legislatively intended to defeat the equally valid statutory prohibition against unauthorized communications or prejudicial conduct tantamount to unauthorized communication to the jury which might influence their verdict, i. e., by preventing proof of it through the only means possible, the testimony of the jurors who witnessed the prejudicial conduct and reported it to the other jurors." Wisham, Supra, at 1154.
At the hearing on remand, the defendant subpoenaed five jurors who testified to the events preceding the jury's deliberation. Two members related that they witnessed the apparent arrest of one of the witnesses. One of these jurors testified that he overheard an assistant district attorney tell the witness that he may be arrested for perjury and that he (the juror) knew the man was a defense witness. Other jurors called to testify at the hearing indicated that a female juror related the incident to several jurors in the jury room and that this matter was discussed during the jury deliberation for approximately five minutes.
On cross-examination of the five jurors, the state questioned each juror as to what each witnessed or heard about the events and as to the effect of these events upon his or her decision as to defendant's guilt or innocence. Each of the five jurors testified that the events did not affect their respective decisions, but on re-direct examination some jurors testified they could not say with absolute certainty that the incident did not effect their decision.
The defense objected to this type of inquiry on the basis of La.R.S. 15:470, which *387 forbids examination of the subjective reaction of jurors. It is upon this objection raised at the hearing on remand that the defendant appealed the second denial of his Motion for a New Trial.
In the instant appeal, the defense alleges that the testimony elicited at the hearing should have been limited to whether the events occurred and whether the state could rebut the presumption of prejudice which was raised by the occurrence of those events. Defense argues that the state's right to rebut the presumption does not include a right to delve into the subjective reactions of jurors in the deliberation of a verdict. Defense submits that the admissibility of testimony regarding the effect of the arrest of the witness upon their deliberations is prohibited by R.S. 15:470 and that the reliance upon this testimony to deny the Motion for a New Trial is in error.
We agree. The State should not have been allowed to examine the jurors as to the effect the extraneous prejudicial information had on the jury deliberations. Testimony of this nature by the jurors would impeach their own verdict within the prohibition of La.R.S. 15:470. The policy behind this statute is to preserve the confidentiality of discussion among jurors in their deliberation, as well as the finality of jury verdicts. State v. Marchand, 362 So.2d 1090 (La.1978); State v. Abney, 347 So.2d 498 (La.1977); State v. Durr, 343 So.2d 1004 (La.1977).
In Wisham I, we confirmed this principle of law that forbids evidence as to the mental processes and reasons of the jury in reaching a decision. See footnote 2, Wisham, supra, at 1154.
We also held in Wisham I, that:
"In a criminal case, any private communication, contact or tampering directly or indirectly, with a juror during a trial about the matter pending before the jury, is for obvious reasons, deemed presumptively prejudicial, if not made in pursuance of known rules of the court and the instructions and directions of the court made during the trial, with full knowledge of the parties. The defendant's constitutional due process right to fair trial by jury is violated if the trial jurors are subjected to influences through the attending bailiffs of the state which may cause their verdict to be influenced by circumstances other than the evidence developed at the trial. See, Turner v. Louisiana, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1964); Remmer v. United States, 347 U.S. 227, 229, 74 S.Ct. 450, 451, 98 L.Ed. 654 (1954)." Wisham, supra, at 1153.
The evidence in the instant case clearly shows that the alleged conduct did in fact occur in the juror's presence; that a juror related the event to other jurors; and that the matter was discussed in the jury room during deliberations. The State produced no evidence to overcome the presumption, other than the testimony of the juror's subjective reactions, which is prohibited by La.R.S. 15:470.
Accordingly, we find merit to the assignment of error. The extraneous activity in this instance, communicated to the jurors, deprived the defendant of his constitutional and statutory right to an impartial jury verdict, untainted by outside activities and not influenced by any consideration other than his innocence or guilt, based solely on the evidence properly before the jury.
The verdict and the sentence must therefore be reversed, and the case remanded for a new trial in accordance with law.
REVERSED AND REMANDED.
WATSON, J., concurs in the result.
BLANCHE, J., dissents.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
La.R.S. 15:470 provides: "No juror .. is competent ... to give evidence to explain, qualify or impeach ... any verdict ..." I consider that the testimony by the jurors as to their presence in the hallway during the witness' arrest as well as their testimony that they related *388 this information to the other jurors and that the arrest was discussed during their deliberations is clearly prohibited by this statutory provision. Rule 606 of the Federal Rules of Evidence sets forth a similar prohibition but provides "except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the juror's attention or whether any outside influence was improperly brought to bear upon any juror." In my view, any change in the rule in Louisiana addresses itself to the legislature. See also my dissents in State v. Charles, 377 So.2d 344 (La.1979), State v. Wisham, 371 So.2d 1151 (La.1979), and State v. Marchand, 362 So.2d 1090 (La.1978). Accordingly, I respectfully dissent.