554 So.2d 141 (1989)
STATE of Louisiana, Appellee,
v.
Lionell WILLIAMS, Appellant.
No. 21122-KA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1989.
Rehearing Denied January 18, 1990.
*142 John Makar, Nachitoches, for appellant.
William J. Guste, Jr., Atty. Gen., Charles B. Bice, Dist. Atty., Winnfield, for appellee.
Before FRED W. JONES, Jr., NORRIS and HIGHTOWER, JJ.
FRED W. JONES, Jr., Judge.
The defendant, Williams, charged with one count of distribution of cocaine, La.R.S. 40:967, was tried by jury, convicted as charged by an 11-1 vote, and sentenced to the minimum term of five years at hard labor. He appealed, arguing the trial court erred by failing to declare a mistrial, by denying his request for a continuance of the hearing on his motions for a new trial, by denying those motions, by refusing to permit a juror to testify post-trial concerning alleged juror misconduct, and by permitting a verdict which is against the weight of the evidence to stand. Finding that the trial court did not commit reversible error, we affirm the conviction and the sentence.
The transaction at issue occurred at approximately 6:15 p.m. on February 25, 1987, near the Mount Olive Baptist Church in Winnfield. A cooperating individual, Robert Rachal, introduced an undercover police agent, Fields, to the defendant. After a brief conversation between Rachal and the defendant, Fields asked defendant for "a half." Defendant told Fields to wait, drove away in his pick-up truck, returned in a few minutes, and sold a packet containing white powder to Fields for $50. After defendant left, Fields marked the packet and made notes of the time, date, place and subject's name. A forensic chemist testified the packet contained cocaine. Fields identified defendant, a very dark, 6'7" black man, as the person who sold the cocaine to him.
Defendant was not arrested until April 1987, after the undercover operation, which *143 involved several other suspects, was completed. The trial, which was continued twice due to difficulties in securing Rachal's compliance with out-of-state subpoenas, took place in June 1988.
Defendant presented an alibi defense, calling three friends who testified that on the date and time of the drug sale he was at Holmes Dairy World playing chess. The owner of Holmes Dairy World, which is a liquor store with a game room and chess boards, said defendant was an ardent chess player who was at her place of business every day during February 1987. Although the testimony was not entirely consistent, it is clear that Holmes Dairy World, the Mount Olive Baptist Church and defendant's home are within one quarter mile of each other.
The cooperating individual, Rachal, testified that he had no knowledge of defendant distributing cocaine to Fields as charged or at any other time, and that Fields didn't even talk to defendant on February 25 in Rachal's presence. Defendant testified he had never seen Fields before early April 1987. The jury chose not to believe defendant's alibi and this appeal followed.
Assignment of Error No. 1
Defendant's first assignment of error is that the state failed to prove his guilt beyond a reasonable doubt, in that the testimony of the state's sole occurrence witness was contradicted by the testimony of defendant's alibi witnesses and by Rachal's denial of having participated in the drug sale.
In reviewing the sufficiency of the evidence to support a conviction, an appellate court is controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The appellate court must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstantial evidence must be sufficient for a rational juror to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Captville, 448 So.2d 676 (La.1984).
Under La.R.S. 40:967 it is "... unlawful for any person knowingly or intentionally:
1) to ... distribute, or dispense ... a controlled dangerous substance classified in Schedule II; ..."
The unequivocal testimony of the undercover agent, Fields, was that defendant knowingly and intentionally distributed cocaine, a Schedule II CDS. Fields asked for "a half", which he testified means one-half gram of cocaine, and he received cocaine. Defendant left the parking lot where he met Fields and returned in a few minutes with a package of cocaine which he handed to Fields. The forensic chemist who chemically analyzed the substance determined it was cocaine. Cocaine is listed under Schedule II, La.R.S. 40:964, as a controlled dangerous substance.
Defendant's assertion that, since his alibi witnesses were more numerous and more credible than the state's, his conviction should be overturned, misapprehends the function of a court of appeal. Evaluation of the credibility of witnesses is not reviewable on appeal. State v. Richardson, 425 So.2d 1228 (La.1983); State v. Anthony, 347 So.2d 483 (La.1977). Because it is the role of the fact-finder to weigh the respective credibilities of the witnesses, an appellate court will not second-guess the credibility determinations of the trier-of-fact beyond the sufficiency evaluations under the Jackson standard of review. State ex rel. Graffagnino v. King, 436 So.2d 559 (La. 1983); State v. Wilkerson, 448 So.2d 1355 (La.App. 2d Cir.1984), writ denied, 450 So.2d 361 (La.1984).
Applying the sufficiency evaluation of Jackson, we conclude that any rational trier-of-fact could have found the essential elements of the offense of distribution of cocaine were proven beyond a reasonable doubt. This assignment of error is without merit.
Assignments of Error Nos. 2 & 3
Defendant's assignment of error No. 2 is that the trial court erred in not *144 granting a continuance of the hearing on motions for new trial. The continuance was requested due to Rachal's absencehe once again had failed to comply with an out-of-state subpoena. Defendant alleges Rachal would have testified about intimidation and threats directed toward Rachal by unspecified parish and state officials to the unspecified prejudice of the defendant. Assignment of error No. 3 is that the trial court erred in not granting a new trial or dismissal of the case based on the matters about which Rachal supposedly would testify.
The granting of a motion for continuance is a matter committed to the trial judge's discretion and a denial of the motion will not be reversed unless it amounts to an abuse of that discretion. State v. Washington, 407 So.2d 1138 (La.1981); State v. Parsley, 369 So.2d 1292 (La.1979). Whether the refusal to grant a continuance was justified depends primarily on the circumstances of the particular case. State v. Winston, 327 So.2d 380 (La.1976); State v. Ball, 482 So.2d 840 (La.App. 2d Cir.1986). Rachal's trial testimony was totally favorable to defendant. If there were any threats or intimidation, they had no effect on Rachal's testimony to defendant's prejudice. Under the circumstances, the trial court did not abuse its discretion in denying the motion for continuance.
Further, there is no basis for finding error, even if the "threats and intimidation" occurred, where there was no effect on the witness's testimony adverse to the defendant. State v. Smith, 430 So.2d 31 (La.1983). These assignments of error are without merit.
Assignment of Error No. 4
In this assignment, defendant contends the trial court erred "in not permitting one of the jurors to testify, not to impeach the verdict but to testify as to the improprieties of the body." In brief, defendant states that the juror would show that "improprieties influenced the verdict which improprieties had no relation to the case but were highly prejudicial to defendant." There is no amplification of these conclusions, no further argument, and no citation to statutory or case law. The motion for new trial, filed by the attorney who represented defendant during the trial, makes no reference, direct or indirect, to jury improprieties. The supplemental motion for new trial, filed by defendant pro se, makes no reference, direct or indirect, to jury improprieties.
Under La.R.S. 15:470, no juror may testify to his own or a fellow juror's misconduct, or give evidence to impeach any verdict found by the jury of which he is a member.
The trial court is required to take evidence upon well-pleaded allegations of prejudicial juror misconduct violating an accused's constitutional right to due process, to confront and cross-examine witnesses or to trial by a fair and impartial jury and to set aside the verdict and order a new trial upon a showing that a constitutional violation occurred and that a reasonable possibility of prejudice exists. State v. Graham, 422 So.2d 123 (La.1982).
Here the trial court correctly ruled that the juror could not testify. We so hold due to the prohibition of La.R.S. 15:470, and the total lack of pleading the allegations of misconduct. State v. Graham, supra; State v. Nathan, 444 So.2d 231, 237 (La. App. 1st Cir.1983). The assignment is a mere conclusion, devoid of any specificity. We find that defendant has not presented a substantial claim that his rights were violated. The assignment is without merit.
Assignment of Error No. 5
Defendant asserts the trial court erred in having the defense witness, Robert Rachal, "arrested" in the presence of chosen and potential jurors. Defendant argues that although this is "not as strong a case" as State v. Wisham, 384 So.2d 385 (La.1980), in which a defense witness was arrested and charged with perjury in the presence of jurors, "it nevertheless was highly prejudicial to appellant and made Rachal less believable than he might otherwise have been."
Defendant's counsel at trial, following jury selection but before court adjourned, filed a motion asking the court to hold *145 Rachal as a material witness due to his prior failures to appear pursuant to subpoenas. The court granted the motion. At the hearing on motions for new trial, defendant testified that he informed his trial counsel, during the trial, that a deputy had taken Rachal by the arm in a hallway in the presence of defendant and all the prospective jurors before the trial started. There was no further description of the "arrest" nor, according to defendant, did the deputy mention perjury as occurred in Wisham.
La.C.Cr.P. Art. 841 provides in pertinent part:
An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.
This codification of the contemporary objection rule consistently has been upheld by the courts. State v. Thomas, 427 So.2d 428 (La.1982); State v. Marcell, 320 So.2d 195 (La.1975); State v. Perkins, 539 So.2d 100 (La.App. 5th Cir.1989).
Defendant and his counsel knew of the occurrence during trial. No objection was made. The error, if any, was waived by failure to object. This assignment has no merit.
Assignment of Error No. 6
Finally, defendant contends the trial court erred in not declaring a mistrial, on its own motion, when it found two jurors sleeping during the forensic chemist's testimony concerning how he analyzed the cocaine. Defendant neither objected during trial nor did defendant contemporaneously move for a mistrial.
Mistrial is a drastic remedy and should be declared only when unnecessary prejudice results to the accused. State v. Smith, 430 So.2d 31 (La.1983); State v. Alexander, 351 So.2d 505 (La.1977). The determination of whether prejudice has resulted lies within the sound discretion of the trial judge. State v. Smith, supra; State v. Haynes, 339 So.2d 328 (La.1976). Defendant was aware of the event during the trial. His failure to object waives the error, if any. La.C.Cr.P. Art. 841.
We find the trial court did not abuse its discretion by failing to declare a mistrial, sua sponte. This assignment lacks merit.
Conclusion
For the foregoing reasons, the conviction and sentence of defendant, Lionell Williams, are AFFIRMED.

ON APPLICATION FOR REHEARING
Before FRED W. JONES, Jr., NORRIS, HIGHTOWER, MARVIN and LINDSAY, JJ.
Rehearing denied.