609 So.2d 894 (1992)
STATE of Louisiana
v.
Reginald ADAMS.
No. 91-KA-0602.
Court of Appeal of Louisiana, Fourth Circuit.
November 13, 1992.
Harry F. Connick, Dist. Atty., Jack Peebles, Asst. Dist. Atty., New Orleans, for plaintiff.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant.
Before LOBRANO, WARD and ARMSTRONG, JJ.
ARMSTRONG, Judge.
In 1983, defendant, Reginald Adams, was convicted of first degree murder, a violation of R.S. 14:30. The Louisiana Supreme Court later reversed defendant's conviction, vacated his sentence and remanded the case for a new trial. State v. Adams, 550 So.2d 595 (La.1989). The defendant was recharged by an amended bill of indictment with second degree murder, a violation of 14:30.1. After a new trial, a twelve member jury found him guilty as charged. He was sentenced to life imprisonment. The defendant appeals. We affirm.
The record reflects that on October 7, 1979, Cathy Ulfers was shot seven times with a .32 caliber handgun as she was *895 entering her home at 3973 Downman Road. As a result of the wounds apparently inflicted by a burglar, Ulfers died on the scene. Despite an extensive investigation in this matter, police were unable to discover any evidence until approximately one year after the murder.
On September 20, 1980, the defendant, while incarcerated for an unrelated charge, spoke to his inmate representative, Freddie Cannon and expressed his desire to speak to the police. Thereafter, the police were summoned, at which time they advised the defendant of his constitutional rights and informed him that he was under investigation for the Ulfers murder. The defendant then agreed to make two tape recorded statements in which he confessed to committing the murder. Present at the confession were Cannon, Detective Jerry Ursin, Sgt. Martin Vezenia, Lt. Frank Ruiz and Lt. Charles Little. The following morning, the defendant directed the police to the house where the murder had occurred.
A review of the record for errors patent reveals none.
In his sole assignment of error, the defendant maintains that the trial court erred in allowing the previous testimony of state's witness, Cannon, and a videotape of another state's witness, Detective Ursin, to be introduced and read into the record.[1]
Prior to the new trial, the State filed a motion requesting that the previous testimony of certain state's witnesses be admitted into evidence based on the fact that these witnesses were unavailable to testify at the new trial. At the hearing on this motion, the State presented evidence that witness Cannon specifically stated under oath that he would not testify at trial. After holding Cannon in contempt of court, the trial court ruled that the State could read and introduce the previous testimony given by Cannon.
Regarding state's witness Detective Ursin, the prosecution informed the trial court that Detective Ursin, was out of town on "some indefinite type furlough." As such, the State argued that he was unavailable for trial despite the fact that the witness was still employed by the New Orleans Police force. The trial court agreed, ruling the witness "unavailable," and permitted the State to introduce a videotaped deposition of this witness[2] at trial. Defense counsel objected to both the Cannon and Detective Ursin rulings.
According to Louisiana Evidence Code, Article 804(A):
[E]xcept as otherwise provided by this Code, a declarant is "unavailable as a witness" when the declarant cannot or will not appear in court and testify to the substance of his statement made outside the court. This includes situations in which the declarant:
(1) Is exempted by ruling on the court on the ground of privilege from testifying concerning the subject matter of his statement;
(2) Persists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so;
(3) Testifies to a lack of memory of the subject matter of his statement;
(4) Is unable to be present or to testify at the hearing because of death or then existing physical or mental illness, infirmity, or other sufficient cause; or
(5) Is absent from the hearing and the proponent of his statement has been unable to procure his attendance by process or other reasonable means.
A declarant is not unavailable as a witness if his exemption, refusal, claim of lack of memory, inability, or absence is due to the procurement or wrong-doing of the proponent of his statement for the purpose of preventing the witness from attending or testifying. (emphasis added)
The refusal of Cannon to testify at the new trial, despite a court order and a contempt citation, clearly falls under the *896 express provision of Louisiana Evidence Code, Art. 804(A)(2) and Louisiana Code of Criminal Procedure, Art. 295,[3] as well as fulfilling the mandate of the Confrontation Clause of the Sixth Amendment of the Constitution.[4] See Ohio v. Roberts, 448 U.S. 56, 65, 100 S.Ct. 2531, 2538, 65 L.Ed.2d 597 (1980).
The defendant's primary complaint concerning the Cannon testimony concerns the defendant's right to cross-examine the witness; specifically, that the defendant's counsel was limited by the court in his cross-examination of Cannon at the hearing on defendant's Motion to Suppress the Confession. The Louisiana Supreme Court, in State v. Robinson, 423 So.2d 1053 (La. 1982), held that when testimony taken at a prior proceeding or hearing is to be used at trial, there must be an examination as to whether there has been a violation of the defendant's constitutional rights, particularly the right to confrontation. The Court proffered five conditions which must be met so as to avoid offending the confrontation and cross-examination clauses of the federal and state constitutions:
(1) defendant must have been represented by counsel at the earlier hearing; (2) the witness testified under oath; (3) the witness was cross-examined or else there was a valid waiver of the right to cross-examination; (4) at the time of trial, the witness (whether out of state or not) is unavailable or unable to testify; and (5) the state has made a good faith diligent effort to obtain the presence of the witness, including by its out-of-state subpoena powers where appropriate. (citations omitted) (emphasis provided)
Although the defendant urges that the cross-examination requirement of the Sixth Amendment Confrontation Clause can never be satisfied by a limited cross-examination at a preliminary hearing, the United States Supreme Court has ruled to the contrary. In Ohio v. Roberts, supra, the Court addressed the identical issue of whether the admission of the preliminary testimony of a witness, who did not appear at the defendant's trial, was constitutionally valid.
Holding the previous testimony as reliable, the Court ruled that once the prosecution establishes witness unavailability, that witness' previous statement is admissible if it bears adequate "indicia of reliability." 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597. Citing Mancusi v. Stubbs, 408 U.S. 204, 216, 92 S.Ct. 2308, 2314, 33 L.Ed.2d 293 (1972), the Roberts court reiterated that:
"[S]ince there was an adequate opportunity to cross-examine [the witness], and counsel ... availed himself of that opportunity, the transcript ... bore sufficient `indicia of reliability' and afforded `"the trier of fact a satisfactory basis for evaluating the truth of the prior statement."'" 448 U.S. at 73, 100 S.Ct. at 2542-2543 (emphasis added)
In the instant matter, defense counsel clearly was afforded and exercised his right to cross-examine Cannon at the preliminary hearing. As such, Cannon's previous testimony bore the requisite "indicia of reliability" required by the Sixth Amendment and was properly admitted and read into evidence.
Turning now to the prior testimony of Detective Ursin, the defendant argues that the videotaped deposition was improperly admitted into evidence since the State failed to present sufficient evidence to demonstrate that Detective Ursin was truly "unavailable" as defined by Article 804(A) of the Evidence Code. However, this issue of witness availability need not be addressed as the evidence was cumulative and, therefore, harmless error.
*897 Although the trial transcript reflects that "... the videotape was played for the entire courtroom,"[5] Paragraph 3 of the Affidavit of Assistant District Attorney Dan Rowan,[6] states that:
[O]n July 12, 1990 during the course of defendant's trial a tape of the testimony of Sgt. Jerry Ursin was admitted into evidence. The tape of the testimony was placed in the "beta" machine to be played to the jury. Before any portion of the tape was shown to the jury, the "beta" machine malfunctioned and broke the tape. No part of the tape was ever shown to the jury. (emphasis added)
Assuming that the videotaped testimony of Detective Ursin was actually played for the jury, such action constitutes harmless error. The evidence was merely cumulative as it corroborated other testimony regarding defendant's voluntary confession.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] As stated hereinabove, both Cannon and Detective Ursin were present at defendant Adams' confession to the Ulfers murder.
[2] It is important to note that defense counsel was present at the Detective Ursin deposition and cross-examined the witness at that time.
[3] Article 295 provides that the transcript of testimony by a witness who testified at a preliminary hearing is admissible "in any subsequent proceeding in the case, on behalf of either party, if the court finds that the witness is dead, too ill to testify, absent from the state, or cannot be found or is otherwise unavailable for testimony...." (emphasis added)
[4] The Sixth Amendment provides that a state's witness must be produced at trial, or the prosecution must demonstrate the witness's unavailability, so as to fall under the hearsay exception.
[5] See Transcript of Trial, page 240, lines 26-27.
[6] Mr. Rowan represented the State of Louisiana in the prosecution of defendant Adams at his jury trial on July 10-12, 1990, in Case No. 278-951, Section "A".