651 So.2d 323 (1995)
STATE of Louisiana, Appellee,
v.
John Wesley DAVIS, Appellant.
No. 26682-KA.
Court of Appeal of Louisiana, Second Circuit.
March 1, 1995.
*324 Wayne Blanchard, Lafayette, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, James M. Bullers, Dist. Atty., Whitley R. Graves, Asst. Dist. Atty., Benton, for appellee.
Before SEXTON, LINDSAY and WILLIAMS, JJ.
SEXTON, Judge.
Defendant was charged with two counts of attempted first degree murder. A jury convicted him of one count of attempted second degree murder. He was adjudicated a third felony offender and sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence. Defendant now appeals his conviction and sentence, urging eleven assignments of error. We affirm the conviction, vacate the sentence and remand for resentencing.
Two probation and parole officers, Bob Phillips and Joe Evans, were injured by gunfire from the defendant, John Wesley Davis, after entering Davis's home to investigate a tip that he possessed narcotics in violation of his parole.[1] Officer Phillips received two gunshot wounds in the leg during a scuffle and gunfight with the defendant on defendant's waterbed, while officer Evans received a minor injury to the head when a stray bullet traveled through the bedroom wall into the hall where Evans was located. Davis was also seriously injured in the gunfight from three bullets entering his body in the groin area. He was subsequently charged with two counts of attempted first degree murder pursuant to LSA-R.S. 14:30 and LSA-R.S. 14:27 for allegedly attempting to kill two peace officers. Davis's defense was justification under LSA-R.S. 14:19, alleging that he did not know that Phillips was a probation and parole officer, and he thought he was defending himself against an intruder.
After extensive deliberation marked by several requests for further clarification of the jury instructions from the court, the jury rendered a responsive verdict that Davis was guilty of attempted second degree murder of Bob Phillips, and acquitted Davis of the charge that he attempted to kill Joe Evans.
Defendant filed a motion for a post-verdict judgment of acquittal or for a new trial, claiming that the jury's verdict of attempted second degree murder indicated that they found that Davis did not know Phillips was a probation officer, in which case the defendant was entitled to an acquittal. Although attempted second degree murder is one of the enumerated responsive verdicts for attempted first degree murder under LSA-C.Cr.P. Art. 814 A, defendant argues that in this case there is insufficient evidence to support such a verdict, inasmuch as the critical fact upon which a guilty verdict of the charge hinged was whether the defendant knew that Bob Phillips was a peace officer rather than some intruder in his house, as he claimed. Defendant contends that the responsive jury verdict *325 of second degree murder indicates that the jury found that the element of specific intent to kill a peace officer was absent, and accordingly, the only other verdict it could have rendered would be a verdict of not guilty. Although the trial court agreed that a verdict of second degree murder was puzzling in this case, it denied defendant's motions and let the verdict stand.
Before sentencing, a multiple offender bill was filed by the district attorney. Finding that the defendant was a third felony offender under LSA-R.S. 15:529.1 A(2)(b), the court imposed the mandatory sentence of life imprisonment without benefit of probation, parole, or suspension of sentence. Defendant filed a motion to reconsider sentence subsequent to this appeal, the disposition of which is not in the record.
Defendant raises eleven assignments of error in his appeal. We will consider each assignment in the order presented.

Assignment No. 1

Incorrect Jury Instruction on Justification
Defendant alleges that the trial court erred by failing to inform the jury that the defendant was only obliged to prove justification by a preponderance of the evidence rather than beyond a reasonable doubt. In support, defendant cites State v. Zeno, 469 So.2d 337 (La.App. 2d Cir.1985), writ denied, 474 So.2d 1303 (La.1985) wherein this court, citing the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), stated 469 So.2d at p. 340:
The relevant inquiry is whether, under the facts and circumstances of this case, a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have concluded either that the defendant failed to prove by a preponderance of the evidence that he was justified in shooting ... or that the State proved beyond a reasonable doubt that the defendant did not shoot ... in self-defense. (emphasis in original)
In its initial instruction to the jury, the trial court read to the jury the provisions of LSA-R.S. 14:19, justification for force or violence in defense. The court did not instruct the jury on the burden of proof of justification at this time. Unable to reach a verdict, the jury returned several times for clarification on the jury instructions. The third time the jury returned, the court stated:
The State of Louisiana is required to prove beyond a reasonable doubt that the defendant's use of force or violence was not in response to a forcible offense or crime against the defendant or the person of another or to prevent a forcible offense or crime of trespass against property in the lawful possession of the defendant.... The State of Louisiana is required to prove beyond a reasonable doubt that the defendant brought on the difficulty if the defendant claims he was acting in self defense.
(Record, p. 365)
If anything, the defendant in this case received the benefit of the more stringent burden placed on the state to show beyond a reasonable doubt that the defendant did not act in self-defense. We also note that the defendant neither proposed nor objected to the trial court's jury instruction regarding the burden of proof of justification. Nor did the defendant object that the trial court did not enumerate the factors which the jury could consider in determining justification. As defendant made no objection or suggestion on either of these issues at trial, he may not raise them now after verdict has been rendered. LSA-C.Cr.P. Art. 841.
This assignment of error is without merit.

Assignment 2

Failure to Instruct Jury on Transferred Justification After Jury Request
As previously stated, after the jury began deliberation, it returned several times for further clarification of the law. On returning the first time, the jury presented the court with several questions from several members. They did not request a supplemental charge on transferred justification. The court then simply read the original charge on the elements of the crimes and the definitions of intent. Included in this repeated charge was a brief charge on transferred justification. The jury retired to deliberate *326 but returned again with a request that the judge re-read the charge. The judge did so but, over the objection of the defendant, deleted the instruction on transferred justification.
As previously indicated, justification was later explained to the jury in detail. Moreover, the defendant was acquitted of the charge pertaining to officer Evans, which is the only charge to which the instruction on transferred justification was relevant. We see no error, but if so, it was harmless. LSA-C.Cr.P. Art. 921.
This assignment of error is without merit.

Assignment 3

Failure to Declare a Mistrial
The jury's deliberations were volatile. Some jurors walked out of the jury room and refused to deliberate while other jurors reportedly were "yelling [and] screaming." At one point, the court asked the jury foreperson about the possibility of a verdict; she said that chances were "extremely remote." However, the foreperson later indicated that the problems were due to the jury's lack of understanding of the law and never said that the jury was hopelessly deadlocked.
Defendant now complains that the trial judge should have declared a mistrial because of the acrimonious deliberations. The defendant did not move for a mistrial. Because he did not so move at trial, he cannot complain of it here. LSA-C.Cr.P. Art. 841. State v. Williams, 554 So.2d 141, 145 (La. App. 2d Cir.1989), writ denied, 560 So.2d 21 (1990). Moreover, the jury foreman's remarks did not indicate that the jury was unequivocally unable to agree upon a verdict. LSA-C.Cr.P. Art. 775(2). Her statements might fairly be characterized as a prelude to her request for further instructions on the law, which were later provided. While the court tried to encourage the jury to reach a verdict, at no time did the judge state or imply that he would not accept a mistrial by requiring the jurors to stay in the room to deliberate. This assignment is without merit.

Assignments 4, 5, and 6

Failure to Exclude Inapplicable Responsive Verdicts; Insufficient Evidence
Assignments of error 4, 5, and 6 are related. In assignment 4, defendant asserts that the trial judge should not have read any of the responsive verdicts (which includes attempted second degree murder) set forth in LSA-C.Cr.P. Art. 814 to the jury because the state's evidence supported no verdict other than guilty or not guilty of attempted first degree murder. In assignment 5, defendant asserts that no rational trier of fact could have found the essential elements of attempted second degree murder beyond a reasonable doubt even when the evidence is viewed in a light most favorable to the prosecution. Finally, defendant asserts in assignment 6 that the trial court erred in failing to grant the defendant's motion for post-verdict judgment of acquittal.
LSA-C.Cr.P. Art. 814 C states:
Upon motion of the state or the defendant, or on its own motion, the court shall exclude a responsive verdict listed in Paragraph A if, after all the evidence has been submitted, the evidence, viewed in a light most favorable to the state, is not sufficient reasonably to permit a finding of guilty of the responsive offense.
The crux of defendant's argument is that a verdict of guilty of attempted second degree murder constitutes an acquittal of the "greater" offense of attempted first degree murder. LSA-C.Cr.P. Art. 598. Since the distinction in this case between the two crimes is the attempt on the life of a peace officer as opposed to an ordinary human being, defendant concludes that the jury, in rendering a verdict of attempted second degree murder, must have found that the defendant did not know that Mr. Phillips was a peace officer. Defendant contends that the only evidence introduced by the state that the defendant had the specific intent to kill a peace officer is that he knew Phillips was a parole officer. Hence, defendant argues that the only possible verdict, based on the evidence presented by the state, is either guilty or not guilty. Stated differently in assignment 5, defendant *327 argues that there is not enough evidence to convict the defendant of attempted second degree murder.
We note that the defendant made no objection to the trial court's inclusion of the responsive verdicts at the time jury instructions were given. In State v. Schrader, 518 So.2d 1024, 1034 (La.1988), the supreme court stated that "absent a contemporary objection, a defendant may not complain if jurors return with a legislatively approved responsive verdict, whether or not that verdict is supported by the evidence." The Schrader court stated that such a verdict recognizes both the legitimacy of a "compromise" verdict and comports with the responsive verdict scheme of LSA-C.Cr.P. Art. 814. The only proviso to this rule is that there must be evidence sufficient to sustain a conviction on the charged offense.
In the instant case, there was sufficient evidence to support the charge. Testimony was presented that would indicate that the defendant should have known the officers were peace officers. The officers announced that they were from probation and parole when they entered the house. They were wearing official jackets adorned with official insignia. Finally, testimony from Davis's girlfriend (now wife) and son regarding statements made by Davis to the effect that he would never go back to prison could be construed from their context to mean he would not be taken alive. In short, the evidence supports the charge. Accordingly, these assignments of error are without merit.
In Assignment 6 defendant contends the trial court erred in denying his motion for post-verdict judgment of acquittal or in denying him a new trial. Again, defendant contends that the verdict of attempted second degree murder constitutes an acquittal of the charge. Accordingly, defendant contends that he is entitled to a post-verdict motion of acquittal pursuant to LSA-C.Cr.P. 821. Under section B of that article, "[a] post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty."
The evidence in this case when viewed in a light most favorable to the state, supports the verdict. Defendant contends that a verdict of attempted second degree murder is not supported by the evidence because the state only produced evidence of attempted murder of a peace officer, an element absent in attempted second degree murder.
The unstated proposition of the defendant is that an acquittal of the attempted first degree murder charge means that the jury found that the defendant was justified in shooting the officers or that he reasonably believed he was acting in self-defense. This conclusion, while appealing from a strictly conceptual standpoint, does not necessarily follow.
In this case, the distinction between attempted first degree murder and attempted second degree murder is that the victims of the first offense, i.e., peace officers, constitute a smaller class than the victims of the second offense, i.e., human beings. Stated differently, all peace officers are human beings, but not all human beings are peace officers. Likewise, specific intent to kill a peace officer includes the specific intent to kill a human being, while specific intent to kill a human being does not necessarily include the specific intent to kill a peace officer. Hence, it necessarily follows, that if there is sufficient evidence to establish the specific intent to attempt to kill a peace officer, then there must be sufficient evidence to establish the specific intent to kill a human being.
Defendant attempts to thwart this legislative scheme by equating the acquittal of the attempted first degree murder charge with a finding that the defendant acted in self defense. We believe, however, that had the jury believed the defendant acted in self-defense, they would have acquitted him. The jury verdict of attempted second degree murder appears to be a compromise. State v. Schrader, supra. Accordingly, this assignment is without merit.

Assignment 7

Motion for a New Trial
The motion for a new trial tests the weight of the evidence, a function for the *328 trial court. The denial of a motion for a new trial is not subject to appellate review except for error of law. LSA-C.Cr.P. Art. 858. The defendant makes only a bare assertion that the verdict was contrary to the law and the evidence. Defendant does not argue any errors of law in the judge's denial of the motion. Therefore, this assignment of error is without merit.

Assignment Nos. 8 and 9

Excessive Sentence/ Failure to Follow Felony Sentencing Guidelines
Defendant asserts that the trial court did not comply with the Sentencing Guidelines. This assertion is incorrect. The court considered Section 309 of the Guidelines, which specifies that the Habitual Offender Law controls sentencing whenever the district attorney establishes the offender's status as a multiple offender under LSA-R.S. 15:529.1. La.S.G. Sec. 309 suggests that, absent aggravating circumstances, the trial court should impose the minimum sentence specified by the habitual offender statute. Such a sentence is imposed without reference to defendant's "grid cell."
The trial judge imposed a sentence of life imprisonment without benefit of parole, probation, or suspension of sentence. The court found that Davis fit under LSA-R.S. 15:529.1(A)(2)(b). At the time of the crime,[2] that section provided:
If the third felony and each of the two prior felonies involved a violation of R.S. 14:34, R.S. 14:62.1, R.S. 14:65, R.S. 14:110(B), or of any crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
Davis had a prior drug conviction for possession of methamphetamine with intent to distribute. It carried a maximum penalty of greater than 12 years and clearly may be used to enhance his sentence under this provision.
Davis's other predicate conviction, simple escape, raises an interesting question concerning the enhancement for a prior "violation of ... R.S. 14:110(B)." The then-current wording of LSA-R.S. 15:529.1(A)(2)(b) was enacted by Acts 1978, No. 424. That act included the enhancement for violations of LSA-R.S. 14:110(B). In 1978, LSA-R.S. 14:110(B) was aggravated escape. However, in 1984, the legislature rewrote LSA-R.S. 14:110 and made section B the penalty provision for simple escape. Aggravated escape was redesignated as section C. See Acts 1984, No. 746. However, the habitual offender statute did not change the reference to LSA-R.S. 14:110(B) to 14:110(C) as it should have.[3]
Clearly the legislature did not intend that a conviction for simple escape be used to enhance a sentence in this fashion. Accordingly, we set aside the sentence and remand to the trial court for resentencing according to law. LSA-C.Cr.P. Art. 881.4. This disposition renders moot defendant's assertion that his sentence is excessive.

Assignment 10

Failure to Produce Brady Material
Defendant filed a motion to examine the state's file on this case pursuant to LSA-C.Cr.P. Art. 718. R. pp. 119-122. The trial court, as permitted by the article, conducted an in camera inspection of the file and determined that it contained no exculpatory evidence. The defendant objected, in response to which the trial court ordered the file sealed and made a part of the record. Defendant contends that there is an indication that Jeff Schooler, the man who accompanied the defendant to buy drugs in Shreveport, was also the informer who called the authorities office about Davis, and such information would be exculpatory, or tend to provide mitigating circumstances for sentencing purposes.
*329 We have reviewed the file in question and have found nothing therein that would either tend to exculpate the defendant nor serve to provide mitigating circumstances regarding his sentence.

Assignment 11Error Patent
The trial court gave the defendant improper notice of the time limits for post-conviction relief by failing to state that the three years to apply for post-conviction relief begins to run when his conviction is final. The court is directed to give the proper instruction upon resentencing.

Conclusion
For the foregoing reasons, the conviction of the defendant is affirmed. The sentence of the defendant is set aside, and the case is remanded to the trial court for resentencing.
CONVICTION AFFIRMED, SENTENCE REVERSED, REMANDED FOR RESENTENCING.
NOTES
[1] Davis was under supervision for three offenses: a 1988 conviction for possession of methamphetamine with intent to distribute, a 1989 simple escape conviction and a 1989 burglary conviction. Davis had served three years of a six year sentence for the first two offenses before being paroled several months earlier.
[2] The appropriate enhancement statute is the one existing at the time of the instant offense. State v. Ellison, 572 So.2d 262 (La.App. 1st Cir.1990), writ denied, 575 So.2d 388 (La.1991); State v. Bethley, 452 So.2d 367 (La.App. 1st Cir.1984).
[3] Curiously, the 1993 re-write of LSA-R.S. 15:529.1(A)(2)(b) did not change the reference either.