699 So.2d 1105 (1997)
STATE of Louisiana
v.
Isaac CARR.
No. 96-KA-2388.
Court of Appeal of Louisiana, Fourth Circuit.
September 10, 1997.
Rehearing Denied September 30, 1997.
*1106 Harry F. Connick, District Attorney of Orleans Parish, Susan Erlanger Talbot, Assistant District Attorney of Orleans Parish, New Orleans, for Appellee.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for Defendant.
Before ARMSTRONG, LANDRIEU and MURRAY, JJ.
LANDRIEU Judge.
On April 17, 1996, a jury found the defendant, Isaac Carr, guilty as charged of possession of cocaine, a violation of La.Rev.Stat. 40:967. At the habitual offender hearing held on May 23, 1996, the district court found him to be a fourth felony offender. After the defendant waived all delays, the district court sentenced him under the habitual offender law to serve life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. The district court denied the defendant's motion to reconsider sentence. This appeal followed.
At approximately 11:00 p.m. on May 20, 1994, New Orleans Police Officers Roderick Baudy, Todd Coleman, and Herbert Warren were conducting a surveillance of the 3700 block of North Dorgenois Street. The officers had received complaints of narcotics activity in the area. The officers observed the defendant engage in what they believed to be two narcotics transactions. On separate occasions, within a few minutes of each other, the defendant was approached by two different women. After a brief conversation with the defendant, each woman made a hand-tohand exchange with the defendant.
Suspecting that the defendant was engaged in narcotics transactions, the officers exited their vehicle and approached the defendant. When the defendant saw the officers, he turned and threw something on the ground. Officer Baudy detained him while Officer Coleman retrieved the discarded item, which was later identified as crack cocaine. The officers then arrested the defendant and advised him of his rights. During a search incident to the arrest, five hundred and sixty-one dollars were found in the defendant's possession. At trial, the State and the defense stipulated that the substance found by Officer Coleman had tested positive for cocaine.
Jumal Oatis, a friend of the defendant, testified for the defense that she had been standing on the corner of North Dorgenois Street when she saw the officers approach the defendant. The defendant was standing in the courtyard talking to a lady friend leaning out of a window. Ms. Oatis had been speaking with the defendant and the other woman several minutes earlier. When the officers approached the defendant, he ran into a hallway, where an officer followed him. She saw the defendant emerge from the hallway handcuffed and in the custody of two officers. She did not see the defendant throw anything on the ground.
The defendant first asserts the sentence imposed at the habitual offender and sentencing hearing is illegal.
This assignment of error has merit. The applicable enhancement statute is the one existing at the time of the commission of the offense for which the sentence is to be enhanced. See State v. Rolen, 95-0347 (La.9/15/95), 662 So.2d 446; State v. Boykin, 29,141 (La.App. 2nd Cir. 1/31/97), 688 So.2d 1250; State v. Davis, 26,682 (La.App. 2nd Cir. 3/1/95), 651 So.2d 323, writ denied, 95-1093 (La.1/31/97), 687 So.2d 395; State v. Ellison, 572 So.2d 262 (La.App. 1st Cir. 1990), writ denied, 575 So.2d 388 (La.1991).
At the time of the commission of the instant offense in May of 1994, former La. Rev.Stat. 15:529.1 A(3)(b) provided for a life sentence,
[i]f the fourth or subsequent felony and two of the prior felonies involved a violation of R.S. 14:34, R.S. 14:62.1, R.S. 14:62.2, R.S. 14:62.3, R.S. 14:65, R.S. 14:110(B), or of any crime punishable by imprisonment for more than twelve years.... *1107 Under this version, the fourth felony and two of the prior felonies must be an enumerated felony.[1]
In the instant case, the fourth felony offense was possession of cocaine, which is not an enumerated felony under the applicable version of the statute. Although the state proved the defendant had prior convictions for two enumerated felonies, first degree robbery and possession with the intent to distribute marijuana, the state failed to show that the fourth felony was also an enumerated felony. Consequently, the defendant was erroneously sentenced to serve a mandatory term of life imprisonment under the habitual offender statute. Instead, he should have been sentenced under former La. R.S. 15:529.1 A(3)(a), which provided for a sentence of "not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life." Accordingly, the enhanced sentence is unlawful and must be vacated.
The defendant pro se argues the district court erred when it refused to permit him to testify on his own behalf.
This contention is without merit. The trial transcript establishes that defense counsel informed the district court that the defendant wished to testify on his own behalf. The district court and defense counsel advised the defendant, on the record, of his rights and the consequences of testifying on his own behalf. The defendant was specifically advised that if he testified, the state could question him about his prior convictions. The court informed the defendant that he alone could make the decision on whether to testify. The defendant told the district court that he wanted to testify on his behalf. The court acknowledged the defendant's decision and did not voice any objection to or overrule that decision.
Despite his stated intent to testify, the defendant did not testify. There is nothing in the trial record to suggest that the district court refused to allow him to testify.
Because the trial transcript does not support the defendant's contention, this assignment of error is without merit.
For the reasons set forth above, the defendant's conviction is affirmed. The habitual offender adjudication is also affirmed; however, the life sentence is vacated. The case is remanded to the district court for sentencing.
CONVICTION AFFIRMED; HABITUAL OFFENDER ADJUDICATION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR SENTENCING.
NOTES
[1] La.Rev.Stat. 15:529.1 A(3)(b) was amended by Acts 1994, 3rd Ex.Sess., No. 144, § 1, effective August 27, 1994, and redesignated as La.Rev. Stat. 15:529.1 A(1)(c)(ii). Under the amended statute, which was in effect at the time of sentencing, a life sentence is mandated "[i]f the fourth or subsequent felony or any of the prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or of any other crime punishable by imprisonment for more than twelve years." La.Rev. Stat. 15:529.1 A(1)(c)(ii). Thus, under the current version, only one of the four felonies must be an enumerated felony to justify a life sentence. Furthermore, the list of enumerated felonies justifying a life sentence has been expanded to include crimes of violence and drug offenses punishable by a sentence of more than five years.