laGOTHARD, Judge.
The defendant, Dwayne Rodriguez, along with Curtis Bailey, Brennan Lowe, Dennis Kemp, Daniel Swann and Alfonso Olivaries, was indicted by a grand jury on April 21, 1994. The indictment charged the defendant with one count of racketeering, in violation of LSA-R.S. 15:1351, et seq., and nine counts of distribution and/or possession with the intent to distribute cocaine hydrochloride, in violation of LSA-R.S. 40:967(A).
The defendants, Bailey, Kemp, Swann and Olivaries, were tried together in January and February of 1995; however, that proceeding ended in a mistrial. The defendant was then tried alone in November and December of 1995, and the jury found the defendant guilty as charged on each count. After denying the defendant’s motion for new trial on May 8, 1996,the trial court sentenced the defendant to 10 concurrent 30-year terms at hard labor without benefit of probation or suspension of sentence, but with credit for time served.
^Thereafter, on May 30, 1996, the state filed a multiple offender bill of information charging the defendant as a second felony offender and seeking enhanced sentencing in accordance with LSA-R.S. 15:529.1. Following a hearing on the multiple bill, the trial court found the defendant to be a multiple offender as charged, vacated the defendant’s original sentence and sentenced him to 37 years at hard labor, without the benefit of probation or suspension of sentence, but with credit for time served.
The defendant is now appealing his convictions and sentencing. Because we find that assignment of error number one has merit and requires that the matter be remanded for an evidentiary hearing, we pretermit discussion of the remaining assignments of error.
By assignment of error number one, the defendant contends that the trial court erred in denying the motion for new trial. Specifically, the defendant argues that the trial court erred when he refused to allow into evidence testimony of a juror regarding alleged communications with the bailiff. The defendant claims that the testimony would have established that during deliberations, the jury informed the bailiff of its request to view evidence, but the bailiff refused noting that the jurors were not allowed to view any evidence since it had begun its deliberations.
At the hearing on the motion for new trial, the bailiff, John Guidry, testified that none of the jurors requested to see any items of evidence during its deliberations. He stated that he never told the jurors that they could not see any of the evidence. He explained that it was not his job to make a decision as to whether or not the jury would be permitted to view items of evidence during its deliberations, and he would have informed the judge about any request by the jury to view evidence.
LGuidry also testified that he recalled the trials of Swann, Bailey and Lowe as well as the instant trial. He thought that the jury in *805 the trial of Bailey had requested to view some evidence; however, he was not positive of that fact nor was he positive that any of the juries in the four above mentioned trials had requested to view any evidence.
Milton Grimes, the defendant’s attorney, testified that he spoke with two of the jurors, Debra Carroñe and Michelle Kenney. Car-roñe told him that she remembered that the foreman had asked the bailiff for an item of evidence, but that the bailiff told the foreman that the jury could not examine or see the evidence in the case during deliberation. Grimes then testified that Kenney told him that the foreman had informed the bailiff that the jury wished to examine an item of evidence, but that the bailiff had told the foreman that the jury could not see any of the evidence. Grimes also testified that Ken-ney also told him that the foreman had requested that the jury be brought back into the courtroom; however, the bailiff said that the evidence was for the attorneys and the judge, and not the jury.
The trial court took the matter under advisement expressing his concerns with the question of whether the jurors would be competent to testify regarding the matter. When the trial court subsequently resumed the hearing on the motion, the court concluded that the jurors were not competent to testify regarding the bailiffs conduct, and the court denied the motion for new trial. Nevertheless, the court permitted defense counsel to proffer the testimony of one juror, Michelle Kenney.
Kenney testified that the jury foreman asked that the jury be allowed to view a piece of evidence and that the bailiff responded that the jury was not allowed to|5view any evidence since it had begun its deliberations. She further testified that she believed that the jury only requested to see telephone records.[1]
Jurors should not be exposed to information or influences which might tend to affect their ability to render an impartial verdict on the evidence presented in court. A frequent source of extraneous information or influence is a communication between a court official and a juror. An unauthorized communication to the jury by a court official in a criminal case requires reversal of the conviction if the communication was prejudicial to the accused. An unauthorized communication between a court official and a juror during jury deliberation is presumed to be prejudicial when it was about the matter pending before the court. State v. Duplissey, 550 So.2d 590 (La.1989).
If the jurors were so informed by the bailiff as testified to by Kenney, then prejudice would be presumed because the communication would have concerned the matter pending before the court. See State v. Duplissey, supra, where the court held that a bailiffs statement advising the foreperson to show another juror how to vote concerned the matter pending before the court.
Regarding the admissibility of Kenney’s testimony, LSA-C.E. art. 606 provides in pertinent part:
LB. Inquiry into validity of verdict or indictment. Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury’s deliberations or to the effect of anything upon his or any other juror’s mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether any outside influence was improperly brought to bear *806 upon any juror, and, in criminal cases only, whether extraneous prejudicial information was improperly brought to the jury’s attention. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.
Furthermore, comment (c) to this article states:
In embracing for criminal cases the exceptions to the general testimonial juror disqualification rule contained in Federal Rule of Evidence 606(b), this Article rejects the approach taken in former R.S. 15:470 and R.S. 15:471 of attempting to prohibit all testimony by jurors impeaching their verdicts.
Thus, under the exception in LSA-C.E. art. 606(B), jurors are allowed to testify as to whether any outside influence was improperly brought to bear on their deliberations. State v. Bibb, 626 So.2d 913 (La.App. 5 Cir.1993), writ denied, 93-3127 (La.9/16/94), 642 So.2d 188, reconsideration denied, 93-3127 (La.10/28/94), 644 So.2d 648.
Therefore, we find that Kenney was competent to testify as to the bailiff’s communication to the jury and that the trial court erred in refusing to allow her to testify. Accordingly, this assignment of error has merit.
Pursuant to State v. Wisham, 371 So.2d 1151 (La.1979), appeal after remand, 384 So.2d 385 (1980), we remand the matter for an evidentiary hearing on the motion for new trial. If the trial court finds that the communication was made to the jury, it will be deemed presumptively prejudicial. However, the state will then have the opportunity to rebut the presumption of prejudice.
REMANDED FOR EVIDENTIARY HEARING.

. Regarding the jury's request to examine evidence, LSA-C.Cr.P. art. 793 provides:
A juror must rely upon his memory in reaching a verdict. He shall not be permitted to refer to notes or to have access to any written evidence. Testimony shall not be repeated to the jury. Upon the request of a juror and in the discretion of the court, the jury may take with it or have sent to it any object or document received in evidence when a physical examination thereof is required to enable the jury to arrive at a verdict.
The parties may agree to waive the statutory provision of LSA-C.Cr.P. art. 793; however, such an agreement must be in clear express language and must be reflected in the record. State v. Adams, 550 So.2d 595 (La.1989), appeal after remand, 609 So.2d 894 (La.App. 4 Cir.1992).